JOHN V. RECTOR, RESPONDENT, v. THE RIDGWOOD ICE
COMPANY, APPELLANT.

*Amendment to complaint — must be without prejudice to proceedings already had —
Code of Civil Procedure, sec. 542.*

In the summons and complaint in this action Albany county was designated as
the place of trial.   Neither party resided in that county.   The defendant,
which had its principal place of business in King's county, demanded that the
place of trial be changed to Kings county.   The plaintiff, who resided in
Rensselaer county, thereupon amended his complaint by designating Rensselaer
county as the place of trial.   Upon the defendant's motion coming on it was
defeated upon the ground that the proper county was designated in the amended
complaint.

*Held*, that this was error as the complaint could only be amended, without preju-
dice to the proceedings already had.   (LEARNED, P. J., dissenting.)

APPEAL from an order, made at a Special Term, denying a motion
to change the place of trial of this action.

*Nathaniel C. Moak*, for the appellant. .

*S. W. Rosendale*, for the respondent.

LANDON, J.:

The summons must state the county in which the plaintiff desires the trial. (Code, § 417.) The complaint must contain the name of the county which the plaintiff designates as the place of trial. (Code, § 481.) Both summons and complaint named Albany county as the place of trial. Neither party resided in that county. Defendant demanded that the place of trial be changed to Kings county. (Sec. 985.) The defendant resided in that county. Plaintiff thereupon amended his complaint by designating Rensselaer county (his residence) as the place of trial. This he could do, of course, in the proper time, but without prejudice to proceedings already had. (Sec. 542.) Defendant brought on his motion to change the place of trial to Kings county. He was defeated because the proper county was designated in the amended complaint. (Sec. 987.) If that order prevails then the plaintiff's amendment of the complaint prejudiced proceedings already had by defendant looking to a change of the place of trial.

The order must be reversed, with ten dollars costs and disbursements, and motion granted with ten dollars.

BOOKES, J., concurred; LEARNED, P. J., dissented.

Order reversed, with ten dollars costs and printing disbursements, and motion granted.